IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WILLIAM R. FOLDS,                         ) | |
|                                          ) | Case No. CV-04-176-S-BLW |
|              Plaintiff,                  ) | |
|                                          ) | **MEMORANDUM DECISION** |
|      v.                                  ) | **AND ORDER** |
|                                          ) | |
| THOMAS J. BEAUCLAIR, et al.,             ) | |
|                                          ) | |
|              Defendants.                 ) | |
| _____) | |

Pending before the Court in this case are the following motions ripe for

adjudication:  Prison Health Services (PHS) Defendants' Motion for Summary

Judgment (Docket No. 49), Idaho Department of Correction (IDOC) Defendants'

Motion for Summary Judgment (Docket No. 50), Plaintiff's Motion for Extension

of Time to Complete Discovery (Docket No. 53), IDOC Defendants' Motions to

Dismiss (Docket Nos. 58 and 60), Plaintiff's Motion to Order Counsel to Respond

(Docket No. 62), Plaintiff's Motion to Voluntarily Withdraw Motion to Order

Counsel to Respond (Docket No. 64),  and Plaintiff's Motion for Final Order

and/or Restraining Order against Paralegals (Docket No. 65).

Having reviewed the record in this case, and having considered the

arguments of the parties, the Court finds that oral argument on the motions is

**Memorandum Decision and Order - 1**

unnecessary.  Accordingly, the Court enters the following Order granting the

Motions for Summary Judgment.

## PENDING MOTIONS

**A.    Procedural Posture of Case and Pending Motion to Dismiss for Failure
to Amend Complaint**

Plaintiff's pro se Complaint, filed on April 5, 2004, sought relief for the

following alleged civil rights violations:

> The deliberate indifferent toward an infection (pain) began
> September 2003, gives the appearance of gangrene, has gone into the
> leg and hip!  Has become life threatening, imminent danger of serious
> physical injury or death.

*Complaint*, at p. 4 (Docket No. 3).  The Court appointed counsel and gave Plaintiff

the opportunity to file an amended complaint after the disposition of the earlier-

filed PHS Defendants' Motion to Dismiss.  Plaintiff has not filed a motion to

amend; however, in Plaintiff's Response to the Motion for Summary Judgment

(Docket No. 54), he has alleged many new and different instances of deliberate

indifference to his health care.  Defendants have responded to these requests in

their Reply.  Because Plaintiff has not filed an amended complaint, the Court will

consider these other instances as merely examples of other care Plaintiff alleges is

inappropriate, but will not consider them separate claims.

Defendants have also filed a Motion to Dismiss (Docket No. 58), wherein

**Memorandum Decision and Order - 2**

they assert that because Plaintiff never filed an amended complaint, his original complaint should be dismissed.  Although the participation of some of Defendants in the alleged civil rights violations is unclear, the original complaint adequately states a cause of action regarding Plaintiff's foot, leg, and hip problems.  On the facts of this case, failure to more fully allege how Defendants participated in the civil rights violation is unnecessary.   Accordingly, the Motion to Dismiss shall be denied.  The Court shall dispose of the  Motions for Summary Judgment based upon Plaintiff's original Complaint.

**B.    Summary Judgment Standard of Law**

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986).

In a motion for summary judgment, the moving party bears the "initial burden of  identifying for the court those portions of the record that demonstrate the absence of any genuine issues of material fact."  *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*

**Memorandum Decision and Order - 3**

*Corp v. Catrett*, 477 U.S. 317, 322 (1986)).  If the moving party points to portions of the record demonstrating that there appears to be no genuine issue of material fact as to claims or defenses at issue, the burden of production shifts to the non-moving party.  To meet its burden of production, the non-moving party "may not rest upon the mere allegations contained in his complaint, but he must set forth, by affidavits, exhibits or otherwise, specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56; *see T.W. Electric Serv.*, 809 F.2d at 630 (internal citation omitted).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party.  All inferences that can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party.  *T.W. Elec. Serv.*, 809 F.2d at 630-31 (internal citation omitted).

Rule 56(c) requires the Court to enter summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex*, 477 U.S. at 322.  The existence of a scintilla of evidence in support of the non-moving party's position is insufficient.  Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson v. Liberty Lobby*, 477 U.S. at 252.

**Memorandum Decision and Order - 4**

To prevail on an Eighth Amendment claim regarding prison medical care, Plaintiff must show that prison officials' "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (citing *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976)).  The Supreme Court has opined that "[b]ecause society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  *Id.*

The Ninth Circuit has defined a "serious medical need" in the following ways:

> failure to treat a prisoner's condition [that] could result in further significant injury or the unnecessary and wanton infliction of pain; . . . [t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain.

*McGuckin v. Smith,* 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference.  *Farmer v. Brennan,* 511 U.S. 825, 838 (1994). Differences in judgment between an inmate and prison medical personnel regarding appropriate

**Memorandum Decision and Order - 5**

medical diagnosis and treatment are not enough to establish a deliberate indifference claim.  *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

Mere indifference, medical malpractice, or negligence also will not support a cause of action under the Eighth Amendment.  *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980).  A mere delay in treatment does not constitute a violation of the Eighth Amendment, unless the delay causes serious harm.  *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990). The Ninth Circuit recently clarified that if medical personnel have been "consistently responsive to [the inmate's] medical needs, and there has been no showing that the medical personnel had "subjective knowledge and conscious disregard of a substantial risk of serious injury," summary judgment is proper.  *Toguchi v. Chung*, 391 F.3d 1051, 1061 (9th Cir. 2004).

C.   **Facts Material to Summary Judgment Motions**

Plaintiff's claims arise from events occurring during and after September 2003 while he was housed at the Idaho State Correctional Institution (ISCI).  At the time in question, Plaintiff was a 45-year-old insulin dependent diabetic with hypertension and dependent edema.  He also suffered from blisters and calluses on his feet, and fungus in his toenails.  *Affidavit of Dr. Rebekah Haggard*, filed June 15, 2004 (Docket No. 23), at ¶ 3.

**Memorandum Decision and Order - 6**

Dr. Rebekah Haggard was Plaintiff's treating physician at the prison during the time period in question.  Plaintiff also saw Physician's Assistant Ryan Andrus at the prison an average of once every fourteen days for approximately six months, beginning in October 2004.  *Affidavit of Ryan Andrus*, at ¶ 5 (Docket No. 57). Pursuant to Plaintiff's request and over Defendants' objection, the Court ordered transportation of Plaintiff from prison to see an outside physician, Dr. Kristensen, in November 2004.

During the time period in question, Plaintiff was seen at the prison's Chronic Care Clinic for diabetes.  His conditions were treated with prescription medications and topical ointments and creams.  He also received Betadine foot soaks, toenail care, and pumice stone treatment of his calluses approximately three times per week.  *Id*. at ¶ 4.

In April 2004, Plaintiff began seeing an outside orthotic specialist to be molded and fitted with custom orthotic footwear to reduce the occurrence of blisters and calluses.  On June 7, 2004, Plaintiff received his custom orthotic footwear.  *Id*. at ¶ 5.

Dr. Haggard opined that Plaintiff's medical records do not indicate that he suffered from infections.  *Id*. at ¶ 6.  Medical staff have repeatedly counseled Plaintiff to help him understand that he does not have an infection.  *Id*.  In

**Memorandum Decision and Order - 7**

November 2004, Dr. Kristensen reviewed Plaintiff's medical records and examined

Plaintiff.  Dr. Kristensen opined that Plaintiff had "no signs of infection and

certainly there is nothing which is gangrenous."  *Affidavit of Michelle Points*, at p.

14, Exhibit C (Docket No. 49).  Dr. Kristensen did not recommend any further

treatment at that time.  *Id*.

## D.    Discussion

Plaintiff has brought forward nothing from the time period at issue showing

that Defendants were deliberately indifferent to medical problems with his feet,

legs, or hips.  Plaintiff baldly asserts that Dr. Haggard failed to mention that

Plaintiff's diabetes condition is also complicated by peripheral neuropathy.[1]  In

contrast, Dr. Kristensen's report noted: "It is uncertain if he has neuropathy as

generally his answers are positive."  *Id*.  As noted above, Dr. Kristensen did not

recommend further treatment for any symptom, including neuropathy.  *Id*.

Therefore, Plaintiff's assertion that failure to treat his alleged neuropathy amounts

to deliberate indifference is not supported by the facts in the record.

Plaintiff's Response is mainly centered on a different time period at a

---

[1]MedicineNet.com provides this definition of peripheral neuropathy:

The term *peripheral neuropathy* describes a problem with the functioning of the
nerves outside of the spinal cord. The symptoms of a neuropathy may include
numbness, weakness, burning pain (especially at night), and loss of reflexes. The
pain may be severe and disabling.

**Memorandum Decision and Order - 8**

different institution, which is not a part of his Complaint.  Similarly, Plaintiff's

allegations of improper medical care for hypertension, bipolar disorder, low blood

sugar, and heart condition are not a part of his Complaint.  The record reflects that,

during the time period in question, Defendants were consistently responsive to

Plaintiff's medical needs regarding his feet, legs, and hips.  *See Toguchi v. Chung*,

391 F.3d at 1061.  Accordingly, the Court concludes that Defendants are entitled to

summary judgment on the claims in Plaintiff's Complaint.

**E.      Plaintiff's Other Claims**

Plaintiff has many other claims he wishes to bring, as noted in his Response

to Motion for Summary Judgment (Docket No. 54).  He may do so in a separate

complaint, if he desires.  Plaintiff is cautioned that he must exhaust his

administrative remedies on each claim prior to bringing his claims into federal

court.  Plaintiff must also show that he suffered significant injury or the

unnecessary and wanton infliction of pain as a result of Defendants' actions.  In

addition, any complaint must specifically state: (1) the names of the persons who

caused or personally participated in causing the alleged deprivation of his

constitutional rights; (2) the dates on which the conduct of each Defendant

allegedly took place; (3) the specific conduct or action of each Defendant that

Plaintiff alleges is unconstitutional; and (4) the remedy sought.  *See Ellis v.*

**Memorandum Decision and Order - 9**

*Cassidy*, 625 F.2d 227 (9th Cir. 1980);  *Taylor v. List*, 880 F.2d 1040, 1045 (9th

Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

**F.     Plaintiff's Motion for Final Order/Restraining Order against Paralegals**

Plaintiff asserts that prison paralegals Jeffrey Eastman and Leslie Hoerner

are impeding his access to the courts during the course of this litigation.  Presently,

the Court will deny the motion because Plaintiff has had counsel in this action and

because Plaintiff's allegations are beyond the scope of the Complaint.  Plaintiff is

free to include this claim in any new complaint he files, provided that he follows

the instructions directly above.  Further, in order to demonstrate that he has a

colorable access to courts claim, Plaintiff must show that he suffered an actual

injury as a result of the alleged denial of access.  *Lewis v. Casey*, 518 U.S. 343, 351

(1996).

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED:

A.     PHS Defendants' Motion for Summary Judgment (Docket No. 49) is
       GRANTED.

B.     IDOC Defendants' Motion for Summary Judgment (Docket No. 50) is
       GRANTED.

C.     Plaintiff's Motion for Extension of Time (Docket No. 53), requesting

that discovery be extended through June 2005, is GRANTED.

D.      Defendants' Motions to Dismiss (Docket Nos. 58 & 60) are DENIED.

E.      Plaintiff's Motion to Withdraw Motion to Order Counsel to Respond

(Docket No. 64) is GRANTED.

F.      Plaintiff's Motion to Order Counsel to Respond (Docket No. 62) is

MOOT.

G.      Plaintiff's Motion for Final Order and/or Restraining Order against

Paralegals (Docket No. 65) is DENIED.

DATED:  **October 28, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order - 11**